```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

WAYNE STAPP, et al.,            :
                                : NO. 1:07-CV-00970
    Plaintiffs,               :
                                :
                                : **ORDER**
  v.                           :
                                :
                                :
BROADWING, INC., et al.,        :
                                :
    Defendants.               :

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction (doc. 54), Plaintiffs' Response in Opposition (doc. 60), and Defendants' Reply in Support (doc. 64). The Court held a hearing on this motion on February 24, 2009. For the reasons stated herein, the Court GRANTS Defendants' motion.

In the Amended Complaint, Plaintiffs defined this action as follows:

> This is an action brought on behalf of a class of individuals named as insured persons, or who were members of a named group of insured persons. This action seeks to recover the value of 459,223 shares of Anthem common stock that should have been paid to them as demutualization compensation upon the conversion during 2001 of Anthem Insurance from a mutual company to a stock corporation in a process referred to as a demutualization. The demutualization compensation consisting of 459,223 Anthem shares was improperly paid to and kept by the Cincinnati Bell Defendants and/or their subsidiaries and affiliates instead.
>
> The members of the Class are individual active and retired employees of any of the Cincinnati

> Bell Defendants, or their surviving spouses, who were named as the insured persons (or who were members of the group of persons named as insureds) continuously from June 18, 2001 through November 2, 2001, inclusive, under a fully-insured Group Policy (doc. 2).

However, it is now undisputed that none of the named Plaintiffs were insured under an Anthem Insurance fully-insured Group Policy continuously from June 19, 2001 through November 2, 2001 (docs. 54, 60). Instead, fifteen of the named Plaintiffs were part of Cincinnati Bell's self-insured policy, and the remaining named Plaintiff was not insured under any policy (doc. 54). Given this information, Defendants now move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(1), for an order dismissing this action for lack subject matter jurisdiction, arguing that the Plaintiffs have suffered no injury in fact, and thus have no standing to pursue the claims asserted in the Amended Complaint (Id.).

Before the Court can assert jurisdiction or make any inquiry into the sufficiency of their Amended Complaint, the Plaintiffs must establish Article III Standing. <u>Newsome v. Batavia Local Sch. Dist</u>., 842 F.2d 920, 922 (6th Cir. 1988) (quoting <u>Allstate Ins. Co. v. Wayne County</u>, 760 F.2d 689, 691 (6th Cir. 1985)); <u>United States v. Van</u>, 931 F.2d 384, 387 (6th Cir. 1991) ("Standing is a threshold inquiry that a court must consider prior to addressing the merits of an appeal."). This holds true where a plaintiff seeks to certify a class. As the Sixth Circuit explained

in Jaimes v. Toledo Metro. Hous. Auth., 758 F.2d 1086, 1094 (6th Cir. 1985):

> That a suit may be a class action, however, adds nothing to the question of standing for even named plaintiffs who represent a class "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."

(citation omitted). It is well settled that "the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact'-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992).

It is Defendants' contention that because none of the named Plaintiffs were in the category of persons that Plaintiffs allege were injured by Defendants' conduct; that is, persons under a fully-insured Group Policy during the period of demutualization, Plaintiffs have suffered no injury in fact, and thus have no standing (doc. 54). The Court finds this position well-taken. A review of the Amended Complaint reveals that each of Plaintiffs'

claims is premised on the fact that these Plaintiffs were insured under a fully-insured Group Policy during the demutualization period (doc. 2). According to the Plaintiffs, their purported right to sue as "persons named as the insureds" under a fully-insured Group Policy derives from the Ohio Revised Code's provisions dealing with the conversion of Ohio mutual insurance companies to Ohio stock insurance companies (Id.). The Plaintiffs contend that these Ohio statutory provisions conferred rights upon them as "insureds", and that those rights were violated when Cincinnati Bell received stock in connection with the demutualization of Anthem Insurance (Id.). Therefore, because those injured, according to the Amended Complaint, were individuals insured under a fully-insured Group Policy, and because none of the named Plaintiffs are in that category, the Court finds Plaintiffs cannot establish an "injury in fact" and have no standing to pursue the claims asserted in the Amended Complaint.

In an effort to correct this defect, Plaintiffs propose to amend the complaint at the end of discovery (doc. 60). Plaintiffs contend that they have subsequently learned the facts of this case are somewhat different from what they believed when they filed their Amended Complaint, and, after discovery, seek to amend the complaint to revise the category of those injured by Defendants' actions and to assert new claims (Id.).

Defendants, however, argue that subject matter

jurisdiction cannot be created retroactively by amendment (doc. 64, citing, Moore et al, Moore's Federal Practice, § 15.14[3], at 15-42). Under these circumstances, the Court agrees. "The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831-32 (1989)(citing Smith v. Sperling, 354 U.S. 91, 93, n. 1(1957)). However, while 28 U.S.C. § 1653 does allow for defective allegations of jurisdiction to be corrected by amendment, it does not allow amendments to correct defective facts. Id.; Barrientos v. UT-Battelle, LLC, 284 F. Supp. 2d 908, 912 (S.D. Ohio 2003) (Section 1653 "may not be 'invoked to claim an entirely new and distinct jurisdictional basis.'" (quoting Holt v. Lockheed Support Sys., 835 F. Supp. 325, 327 (W.D. La. 1993))). For example, if no diversity jurisdiction exists, a plaintiff cannot substitute a party to create diversity, and thus standing. Newman-Green, Inc.; 490 U.S. at 831-32. The law "does not allow a plaintiff to amend its complaint to substitute a new cause of action over which there is subject-matter jurisdiction for one in which there is not." Advani Enters., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 161 (2d Cir. 1998).

Defendants cite, and the Court finds instructive, the Sixth Circuit's opinion in Zurich Ins. Co. v. Logitrans, Inc., 297 F.3d 528 (6th Cir. 2002), where the Court of Appeals denied the plaintiff's motion to substitute a new plaintiff as the real party

in interest under Federal Rule of Civil Procedure 17(a) for the original plaintiff who had not suffered an injury in fact. The Sixth Circuit found where the original plaintiff did not suffer an injury in fact by the defendants, "it had no standing to bring this action and no standing to make a motion to substitute the real party in interest." Id. at 531. Because the Court finds that Plaintiffs lack standing under the Amended Complaint, the Court cannot allow Plaintiffs to amend the Complaint to create jurisdiction retroactively.

For the foregoing reasons, the Court GRANTS Defendants' Motion, and DIMISSES this action WITHOUT PREJUDICE.

SO ORDERED.


Dated: February 27, 2009         /s/ S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge